Filed 6/29/23  P. v. Grandison CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097599 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F05013) |
| v. | |
| SHRERON GRANDISON, | |
| Defendant and Appellant. | |

Defendant Shreron Grandison appeals from an order denying his petition to vacate his attempted murder conviction under Penal Code former section 1170.95 (now section 1172.6).[1]  Appointed counsel for defendant has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on

---

[1] Undesignated statutory references are to the Penal Code.  Defendant filed his petition in April 2022.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  Although defendant filed his petition under former section 1170.95, we will refer to the statute as section 1172.6 for consistency.

1

appeal and defendant has filed a supplemental brief. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *People v. Delgadillo* (2022) 14 Cal.5th 216.) We have considered defendant's brief and will affirm the trial court's order.

## BACKGROUND

In 2009, a jury found defendant guilty of attempted murder (§§ 664, 187, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), burglary (§ 459), and misdemeanor child endangerment (§ 273a, subd. (b)). The jury also found true allegations defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)) as to the attempted murder and assault counts, and that defendant personally used a deadly weapon, a knife, as to the attempted murder count (§ 12022, subd. (b)(1)). The jury also found true an allegation that the attempted murder was willful, deliberate, and premeditated. (§ 664, subd. (a).) On direct appeal, we affirmed the judgment. (*People v. Grandison* (Nov. 23, 2011, C062727) [nonpub. opn.].) We summarized the facts in the direct appeal opinion.[2] In short, defendant stabbed the victim, his ex-girlfriend's new boyfriend, multiple times. (*Grandison, supra*, C062727.)

In 2022, defendant filed a petition for resentencing under section 1172.6, alleging he had been prosecuted under a theory of attempted murder under the natural and probable consequences doctrine; he was convicted of attempted murder; and he could not currently be convicted of attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

The court appointed counsel and received briefing from the parties. The court held a hearing and both parties submitted on the briefing. The court denied the petition, saying no vicarious liability instructions had been read to the jury at trial, so "the jury could not have based any finding of fact on an invalid theory under the current law."

---

[2] The opinion is part of the record on appeal.

2

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days. Defendant filed a supplemental brief.

The California Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

Defendant does not raise any specific arguments in his supplemental brief. Rather, he states he is very remorseful for the attempted murder and has made rehabilitative efforts during his incarceration. Neither of these statements affects the theory under which defendant was convicted. The jury at defendant's trial was instructed using CALCRIM No. 600 (Attempted Murder), CALCRIM No. 601 (Attempted Murder: Deliberation and Premeditation), CALCRIM No. 603 (Attempted Voluntary Manslaughter: Heat of Passion – Lesser Included Offense), and CALCRIM No. 604 (Attempted Voluntary Manslaughter: Imperfect Self-Defense – Lesser Included Offense). The jury was not instructed on any theory under the natural and probable consequences doctrine and could not have convicted defendant on a theory on which it was not instructed. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) None of defendant's activities in prison change this fact, and he thus remains ineligible for relief under section 1172.6.

## DISPOSITION

The trial court's order denying the petition is affirmed.

                                          /s/

                                   HORST, J.*


We concur:


     /s/

ROBIE, Acting P. J.


     /s/

HULL, J.

---

\* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.